# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| IN RE: ) | |
| ) | CHAPTER 7 |
| Cornerstone Enterprises of Greenwood, ) | |
| Inc., ) | Case No. 17-03127-hb |
| ) | |
| Debtor. ) | |
| _____ | |
| ) | |
| John K. Fort, Trustee, ) | |
| ) | Adversary No.: _____ |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| Kauffman Precast, LLC ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

John K. Fort, Chapter 7 Trustee of the bankruptcy estate of Cornerstone Enterprises of Greenwood, Inc., by and through his undersigned attorneys, hereby states as follows:

**GENERAL ALLEGATIONS:**

1. John K. Fort, Plaintiff, is the duly qualified and acting Trustee of the bankruptcy estate of Cornerstone Enterprises of Greenwood, Inc. (hereinafter "Bankruptcy Estate") by virtue of a Court Order dated June 26, 2017 (hereinafter "Plaintiff" or "Trustee").

2. This adversary proceeding arises under Title 11 (11 U.S.C. § 101 *et seq.*) (the "Bankruptcy Code") or arises in or relates to the Chapter 7 bankruptcy case of Cornerstone Enterprises of Greenwood, Inc. (hereinafter "Debtor"), Case No. 17-03127, now pending in the Court.

3. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334.

4. This is a core proceeding under 28 U.S.C. § 157(b)(2). To the extent Article III of the United States Constitution does not permit any cause of action asserted herein to be treated as "core," Plaintiff consents to the Court entering final orders or judgment pursuant to 28 U.S.C. § 157(c)(2).

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1409.

6. Cornerstone Enterprises of Greenwood, Inc. is the Debtor in the above-referenced Chapter 7 bankruptcy case. Debtor is a South Carolina corporation whose principal place of business was in Greenwood, South Carolina before it ceased doing business.

7. Kauffman Precast, LLC (hereinafter "Kauffman" or "Defendant") is a limited liability company organized and existing under the laws of the State of South Carolina and doing business in Greenwood County, South Carolina.

8. On June 26, 2017 (hereinafter "Petition Date"), Debtor filed a voluntary Chapter 7 petition (hereinafter "Petition").

9. The Trustee and his professionals have investigated the Debtor's financial affairs.

10. Plaintiff's investigation to date has revealed payments made to Kauffman by Debtor totaling $30,618.00 on or within two years before the Petition Date (the "Transfers").

11. Plaintiff believes there may have been additional transactions between Debtor and Defendant, for which documentation has not yet been received, and Plaintiff reserves the right to avoid and recover any such additional transactions.

**FOR A FIRST CAUSE OF ACTION**
**Bankruptcy Code § 548(a)(1)(A) (Actual Fraud)**

12. Plaintiff incorporates by reference the allegations contained in the previous paragraphs as if fully restated herein.

13. The Transfers, which were to or for the benefit of Defendant, occurred on or within two years before the Petition Date.

14. Upon information and belief, the Transfers were made with actual intent to hinder, delay, or defraud creditors of Debtor.

15. Upon information and belief, such actual intent is evidenced by, among other things, the diversion of valuable assets away from existing creditors.

16. Plaintiff believes there may have been additional transactions between Debtor and Defendant for which documentation has not yet been received, and Plaintiff reserves the right to avoid and recover any such additional transactions.

17. Plaintiff prays that the Court issue an order voiding the Transfers as fraudulent pursuant to 11 U.S.C. § 548(a)(1)(A).

18. Plaintiff further prays that the Court issue an order allowing the Transfers or the value of the Transfers to be recovered from Defendant as the transferee or individual for whose benefit the transfers were made under Section 550 of the Bankruptcy Code.

## FOR A SECOND CAUSE OF ACTION
**Bankruptcy Code § 548(a)(1)(B) (Constructive Fraud)**

19. Plaintiff incorporates by reference the allegations contained in the previous paragraphs as if fully restated herein.

20. The Transfers, which was to or for the benefit of Defendant, occurred on or within two years before the Petition Date.

21. Upon information and belief, Defendant is a transferee of property of Debtor.

22. Debtor received no or less than reasonably equivalent value in connection with the Transfers which were made to or for the benefit of Defendant and which were transferred by Debtor within two years before the Petition Date.

23. At the time of the Transfers, Debtor (i) was insolvent or became insolvent as a result thereof; (ii) was engaged in a business or transaction, or was about to engage in a business or a transaction, for which any property remaining with Debtor was an unreasonably small capital; and/or (iii) intended to incur, or believed or reasonably should have believed that they would incur, debts that would be beyond Debtor's ability to pay as such debts matured.

24. Because of the foregoing, the Transfers may be avoided under Section 548(a)(1)(B) of the Bankruptcy Code, and the Transfers may be recovered from Defendant as the initial transferee or individual for whose benefit the Transfers were made under Section 550 of the Bankruptcy Code.

25. Plaintiff believes there may have been additional transactions between Debtor and Defendant for which documentation has not yet been received, and Plaintiff reserves the right to avoid and recover any such additional transactions.

26. Plaintiff prays that the Court issue an order voiding the Transfers as fraudulent pursuant to 11 U.S.C. § 548(a)(1)(B).

27. Plaintiff further prays that the Court issue an order allowing the Transfers or the value of the Transfers to be recovered from Defendant as the transferee or individual for whose benefit the transfers were made under Section 550 of the Bankruptcy Code.

## FOR A THIRD CAUSE OF ACTION
**Bankruptcy Code § 550 (Recovery of Avoided Transfers)**

28. Plaintiff incorporates by reference the allegations contained in the previous paragraphs as if fully restated herein.

29. Pursuant to Section 550(a) of the Bankruptcy Code, Plaintiff is entitled to recover the property transferred or the value of such property for the benefit of the Bankruptcy Estate to

the extent such transfers are avoided pursuant to, among other sections, Section 548 of the Bankruptcy Code.

30. Under Section 550(a)(1) of the Bankruptcy Code, Plaintiff may recover from the initial transferee of such transfers or the individual for whose benefit such transfers were made.

31. Defendant is the initial transferee or individual for whose benefit the Transfers were made.

32. Plaintiff believes there may have been additional transactions between Debtor and Defendant for which documentation has not yet been received, and Plaintiff reserves the right to avoid and recover any such additional transactions.

33. Plaintiff prays that the Court issue an order against Defendant, ordering recovery by Plaintiff for the benefit of the Bankruptcy Estate the property transferred or the value of such property with respect to any transfers avoided under this Complaint pursuant to 11 U.S.C. § 550 to the extent it is an initial transferee or individual for whose benefit such transfers were made or is an immediate or mediate transferee of such initial transferee.

## **PRAYER FOR RELIEF**

Plaintiff respectfully requests and prays that the Court enter judgment in its favor and against Defendant, and award the following relief:

a. An order granting judgment for Plaintiff and voiding the transfers from Debtor to Defendant found to be fraudulent pursuant to 11 U.S.C. § 548 and pursuant to 11 U.S.C. § 550;

b. An order granting judgment for Plaintiff and ordering recovery of the property transferred or the value of such property from Defendant pursuant to 11 U.S.C. § 550 to the extent it

is an initial transferee or individual for whose benefit such transfer was made or is an immediate or mediate transferee of such initial transferee;

c. Pre-judgment interest;

d. Post-judgment interest;

e. An order awarding Plaintiff the costs of this suit; and

f. For such other and further relief as the Court deems just and equitable.

/s/Joshua J. Hudson
Joshua J. Hudson, Fed. ID No. 11620
jhudson@roecassidy.com
Roe Cassidy Coates & Price, P.A.
Post Office Box 10529
Greenville, SC 29603
(864) 349-2600
*Attorneys for Trustee*

Greenville, South Carolina
Date: April 13, 2018